# CASES REPORTED WITH BRIEF SYLLABI

### AND

## DECISIONS HANDED DOWN WITHOUT OPINION.

---

### FIRST DEPARTMENT, JANUARY, 1918.

SAMUEL J. JOSEPH, as Receiver in Supplementary Proceedings of SALVATORE CASALARO, Appellant, v. D. A. T. REALTY CORPORATION, Respondent, Impleaded with SALVATORE CASALARO and FRANCESCO CASALARO, Defendants.

*Assignmemt — contract — failure to show valid transfer.*

Appeal from a judgment of the Supreme Court, entered in the Bronx county clerk's office May 23, 1917, dismissing the complaint on the merits as to the defendant D. A. T. Realty. Corporation.

DOWLING, J.: The conclusion reached by the learned trial court that the assignment from Salvatore Casalaro to his father Francesco was valid is in my opinion not supported by the record. No assignment was offered in evidence, but only a notice dated April 10, 1916, sent to the D. A. T. Realty Corporation by Salvatore Casalaro that " I have assigned the contract " to his father. But the testimony as to the time when, the place where, and the consideration which passed before, the assignment was actually made is vague, confused and unsatisfactory. Equally unconvincing is the effort of the president of the corporation to show when he first received notice of the alleged assignment. Moreover, the dealings between the corporation and both the Casalaros after the making of the alleged assignment, as well as the statements made by them contemporaneously, are not consistent with the theory of an actual transfer of the contract having been made in good faith by the son to the father. The knowledge which Trotta had of the existence of the judgment in favor of Hoyd was used by him not only individually but as president of defendant corporation, as the record shows that he said he " did not want to be bothered with things of that kind " (*i. e.*, orders for examination in supplementary proceedings on this judgment), and Salvatore Casalaro said " he was going to take it up with his lawyer, have it fixed up," which could apply only to having the judgment satisfied so that it would not affect his contractual relationship with the D. A. T. Company. It is to be noted that the trial court did not dispose of the issues as to the individual defendants, not directing judgment either for or against them. We think in the interest of justice this judgment should be reversed and a new trial ordered, with costs to appellant to abide the event. The sixth finding of fact is reversed; also the conclusions of law numbered " first,"

" second," " third " and " fourth." Clarke, P. J., Laughlin, Scott and Smith, JJ., concurred. Judgment reversed, new trial ordered, costs to appellant to abide event. Order to be settled on notice.